PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FILED**

OCT 13 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE ___EASTERN___ DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

___SHERMAN___ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| Dennis Martin Beyer Jr. | TDCJ - Coffield Unit |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | 02298991 |
| | PRISONER ID NUMBER |
| Bobby Lumpkin | 4:22cv875 MAZZANT/NOWAK |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. *The proper court will be the federal court in the division and district in which you were convicted* (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other: _____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    **Sixth Judicial District Court of Lamar County, Texas**

2.  Date of judgment of conviction: **11 - 22 - 2019**

3.  Length of sentence: **99 years and 20 years to be served cumulatively**

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: **Cause No. 28247; Continuous Sexual Abuse of a Child Under 14 & Sexual Assault of a Child**

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☒ Jury    ☐ Judge Only

7. Did you testify at trial?  ☐ Yes  ☒ No

8. Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __Sixth Court of Appeals, Texarkana, Texas__   Cause Number (if known): __06-19-00263-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __7 - 9 - 2020__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:
   Grounds raised: __In light of Ramos v Lousiana, 590 U.S.,2020,WL 1906545 (April 20,2020), is §21.02(d)of the Texas Penal Code unconstitutional and now requires members of the jury to agree unanimously on which specific acts of sexual abuse were committed by the defendant...in order to secure a conviction for Continuous Sexual Abuse of a Young Child?__

   Result: __Refused__

   Date of result: __9 - 30 - 2020__   Cause Number (if known): __PD - 0677 - 20__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __Denied__

   Date of result: __4 - 5 - 2021__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __Texas Court of Criminal Appeals__

    Nature of proceeding: __§11.07 Application For Writ of Habeas Corpus__

    Cause number (if known): __WR - 93,281 - 01__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:  9 - 29 - 2021

Grounds raised: **1 & 2: Ineffective assistance of counsel; 3 & 4 Excessive sentencing.**

Date of final decision:  6 - 22 - 2022

What was the decision?  **Denied without written order**

Name of court that issued the final decision: **Texas Court of Criminal Appeals**

As to any <u>second</u> petition, application or motion, give the same information:

Name of court:  N/A

Nature of proceeding:  N/A

Cause number (if known):  N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised:  N/A

Date of final decision:  N/A

What was the decision?  N/A

Name of court that issued the final decision:  N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future:  N/A

   (b) Give the date and length of the sentence to be served in the future:  N/A

—4—

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: __N/A__

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☒ No

16. Are you eligible for release on mandatory supervision?  ☒ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: __N/A__

    Disciplinary case number: __N/A__

    What was the nature of the disciplinary charge against you? __N/A__

18. Date you were found guilty of the disciplinary violation: __N/A__

    Did you lose previously earned good-time days?  ☐ Yes  ☒ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: __N/A__

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: __N/A__

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☒ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: __N/A__

Date of Result: __N/A__

Step 2 Result: __N/A__

Date of Result: __N/A__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** By failing to impeach the victim's claims with the expert testimony available, trial counsel was ineffective; violating Petitioner's 6th Amendment rights.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The SANE nurse reported that the victim's hymen had no visible damage. D.B., the victim, testified that the Petitioner had inserted his penis into her vagina many times over 3 years. Considering the number of times D.B. claimed she had been assaulted it would not be possible for the hymen to be undamaged. Trial counsel did not address this and impeach D.B.'s claims.

B. **GROUND TWO:** By failing to understand the charge as indicted trial counsel rendered ineffective assistance; violating Petitioner's 6th Amendment rights.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As indicted the charge reads, "sexual assault of a child alleged to have been committed on or about January 25, 2018 in Lamar County Texas," D.B., the victim, testified that the year was 2017. If trial counsel had used this testimony, and made it clear to the jury, they could NOT have found applicant guilty of an assault occuring in 2018.

C. **GROUND THREE:** The Applicant did not receive a fair and impartial trial; violating his Constitutional rights.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court allowed the State to present additional evidence in the Punishment phase. The evidence presented did not have "substantial weight" to the issue of punishment and was not necessary to the "due administration of justice." This violated the impartiality guaranteed by the U.S. Constitution.

D. **GROUND FOUR:** By not alleging everything which is necessary to be proved in the indictment the State violated Petitioner's due process rights under the U.S. Constitution.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State did not allege any culpability in the indictment for continuous sexual assault of a child or the four underlying offenses. Therefore, the State did not allege in the indictment everything which is necessary to be proved. This is a fundamental error violating Petitioner's due process rights.

21. Relief sought in this petition: Petitioner prays that this Court will this petition by issuing a writ of habeas corpus and reverse and remand this case for retrial or any appropriate proceedings thereto.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.   N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Nick Stallings;100 W.Main St.,Paris,Tx 75461**

    (b) At arraignment and plea: **Nick Stallings**

    (c) At trial: **Nick Stallings**

    (d) At sentencing: **Nick Stallings**

    (e) On appeal: **Troy Hornsby;1725 Galleria Oaks Dr.,Texarkana,Tx 75503**

    (f) In any post-conviction proceeding: **Pro Se**

(g)     On appeal from any ruling against you in a post-conviction proceeding: __Pro Se__

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Petitioner filed a timely petition for a Writ of Certiorari with the U.S. Supreme Court; which was denied on 4-5-21. He then filed an §11.07 Habeas Corpus Application with Texas Court of Criminal Appeals on 9-29-21. An elapsed time of 5 months 24 days. His § 11.07 Application was denied on 6-22-22 making his deadline for filing a Federal petition under AEDPA 12-28-22.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_October, 7th, 2022_ (month, day, year).

Executed (signed) on _October 7th, 2022_ (date).

_Dennis M. Beyer Jr._
Signature of Petitioner (required)

Petitioner's current address: Dennis Martin Beyer Jr., TDCJ # 02298991, Coffield Unit, 2661 FM 2054, Tennessee Colony, Tx. 75884